# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELVIN LEON KELLAM,

                Petitioner,

v.

REED RICHARDSON,

                Respondent.

Case No. 18-CV-1323-JPS

**ORDER**

      In 2007, Petitioner was convicted of numerous felonies in Kenosha County Circuit Court, including first degree sexual assault, armed robbery, and intimidation of a victim by force. (Docket #1 at 2). He was sentenced to fifty years' imprisonment. *Id.* He filed the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 27, 2018. Petitioner brings four grounds for relief, all related to the state court judge allegedly leaving the bench during Petitioner's criminal trial to attend to other matters. *Id.* at 9–16.

      Petitioner represented to the Court that the instant petition was the only federal challenge he has filed related to these convictions. *Id.* at 15, 17–18. This was a lie. Previously, on May 27, 2011, he had filed a Section 2254 petition stemming from the same charges. *Melvin Leon Kellam v. William J. Pollard*, 11-CV-509-NJ (E.D. Wis.). That petition was briefed and denied on its merits by Magistrate Judge Nancy Joseph on February 24, 2012. *Id.*, (Docket #19).

      State prisoners may not file more than one federal habeas petition without authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(1)–(3). The authorization must be sought from the Court of Appeals directly

prior to filing a successive habeas action. *Id.* Petitioner has not alleged, much less established, that he has received the appropriate authorization. This Court therefore lacks jurisdiction to hear Petitioner's claims. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).

Unsurprisingly, Respondent[1] filed a motion to dismiss this action on October 16, 2018, contending that the Court must dismiss this action for want of jurisdiction. (Docket #13). Petitioner's response to the motion was due on or before November 6, 2018. Civ. L. R. 7(b). The Court has not received a response or any other communication from Petitioner. It will, therefore, grant Respondent's unopposed motion. Civ. L. R. 7(d).

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for want of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1]The Court has learned that Petitioner is now incarcerated in Stanley Correctional Institution. The Court has substituted the warden of that prison, Reed Richardson, as the Respondent in place of Brian Foster.